GENERAL COURT, MAY TERM, 1798.

DUVALL vs. WELLS.

ERROR to Anne-Arundel county court. It was an action of *replevin* brought by the plaintiff in error; and the

MAY 1798.

Duvall
vs.
Wells.

cause, by consent, was referred to arbitrators. An a-ward was returned, whereby the arbitrators awarded, that the plaintiff should pay unto the defendant the sum of 87*l*. 10*s*. 0*d*. current money, being the sum due for rent for which the property was taken, with interest thereon from the 1st of January 1792, and all legal costs. The county court rendered judgment upon the award, "that the defendant recover against the plaintiff as well the sum of 87*l*. 10*s*. 0*d*. current money, with interest thereon from the 1st of January 1792, as the sum of," &c. "adjudged for costs," &c.

It was suggested, on the part of the defendant in error, that the record was diminished; for that the clerk of the county court, instead of entering the judgment on the award in the proper form for a return of the property, &c. had entered it for the sum of money awarded.

The general court awarded a writ of diminution to the county court, on the ground that the county court had authority at any time to correct their judgment, where it had been informally entered by their clerk, and that they could correct clerical errors at any time. Upon the production of which writ, the county court did correct the judgment which had been entered by their clerk; and a new record was transmitted to the general court, in which the judgment was, "that the defendant have return of the negro slaves aforesaid in the declaration aforesaid mentioned, to hold to him," &c. and also "that the defendant recover against the plaintiff the sum of 87*l*. 10*s*. 0*d*. current money, with interest thereon from the 1st of January 1792, by the arbitrators aforesaid, in form aforesaid awarded, and the sum of," &c. adjudged for costs &c.

JUDGMENT AFFIRMED, *(a.)*

*(a)* 3 *T. R.* 349. In replevin. The record stated the verdict to be for the defendant, assessing damages, and without finding either the amount of the rent in arrear, or the value of the cattle distrained; and the judgment was entered for the damages assessed. After writ of error brought, the appellate court permitted the record to be amended to a judgment *pro retorno habendo*, being the judgment at common law, and not under the statute 17 *Car. II. c. 7, s. 3.* See 3 *T. R.* 659, 4 *T. R.* 509.

Infant appeared by attorney, and after error amended—*Stra.* 33, 114.

Judgment amended after error and argument, by altering it from a judgment against executor *de bonis propriis* and making it *de bonis testatoris, si non*, &c:—5 *Burr.* 2730. *Cro. Jac.* 444. 1 *Ld. Raym.* 68.

Minutes taken right, but judgment entered wrong, amended. *Cro. Jac.* 635: *Dou.* 361, 648.

Amendment of a recovery by inserting a new ville, the term after it was suffered, 2 *Blk. Rep.* 747, 1065. 3 *Wils.* 154.

Amendment in the court below after error assigned and argument in the court above—2 *Ld. Raym.* 1570. 2 *Stra.* 786, 869. *Doug.* 109.

Mistake of the attorney amended after several terms—1 *T. R.* 782.

*Key,* for the plaintiff in error.

*Martin,* (Attorney General,) *H. Ridgely, Johnson* and *Sprigg,* for the defendant in error.